# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1997 SESSION

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

RODNEY DEWAYNE BOND,          )
                             )    C.C.A. NO. 02C01-9610-CC-00346
          Appellant,          )
                             )    LAKE COUNTY
VS.                           )
                             )    HON. JOE G. RILEY, JR.,
BILLY COMPTON, Warden         )    JUDGE
                             )
          Appellee.           )    (Habeas corpus)


FOR THE APPELLANT:                    FOR THE APPELLEE:


RODNEY D. BOND (pro se)               JOHN KNOX WALKUP
L.C.R.C.F.                            Attorney General & Reporter
Rt. 1, Box 330
Tiptonville, TN   38079              ELIZABETH T. RYAN
                                     Asst. Attorney General
                                     450 James Robertson Pkwy.
                                     Nashville, TN  37243-0493

                                     C. PHILLIP BIVENS
                                     District Attorney General
                                     P.O. Box E
                                     Dyersburg, TN   38024


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The petitioner filed his petition for writ of habeas corpus on September 12, 1996, alleging that he is being illegally restrained by virtue of a nine year sentence imposed in 1991 for a rape conviction. He claims that his sentence is illegal because the underlying conviction is based upon an invalid indictment. Specifically, he claims that the indictment fails to allege the necessary mens rea element of the offense. The petitioner relies on this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville). The court below summarily dismissed the petition. We affirm.

We first note that our Supreme Court has overruled this Court's decision in Hill. See State v. Hill, __ S.W.2d __ (Tenn. 1997). Moreover, the indictment against the petitioner alleges that he committed aggravated rape by "unlawfully and forcibly, while armed with a weapon, . . . sexually penetrat[ing] [the victim]." The use of the term "forcibly" is adequate to describe the mens rea element required for aggravated rape.[1] The petitioner's contention is therefore without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

---

[1] The mens rea requirement for aggravated rape is intentional, knowing or reckless. See State v. Hill, __ S.W.2d __, __ (Tenn. 1997)

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
DAVID G. HAYES, Judge